1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  SABRINA S. SCHROEDER,                    No. CIV S-10-2416-CMK

12              Plaintiff,

13         vs.                               ORDER

14  COMMISSIONER OF SOCIAL
    SECURITY,
15
                Defendant.
16  _____/

17              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

18  review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

19  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

20  judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).  Pending

21  before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's cross-

22  motion for summary judgment (Doc. 17).  For the reasons discussed below, the court will grant

23  plaintiff's motion for summary judgment or remand and deny the Commissioner's cross-motion

24  for summary judgment.

25  / / /

26  / / /

                                            1

# I. PROCEDURAL HISTORY[1]

Plaintiff applied for social security benefits protectively on January 15, 2008, alleging an onset of disability on March 13, 2004, due to mental disabilities including bi-polar disorder and PCOS.  (Certified administrative record ("CAR") 41-42, 91-95, 103-111).  Plaintiff also claims disability based on depression. (CAR 19, 103-111).  Plaintiff's claim was denied initially and upon reconsideration.  Plaintiff requested an administrative hearing, which was held on September 10, 2009, before Administrative Law Judge ("ALJ") Laura Speck Havens.  In a December 9, 2009 decision, the ALJ concluded that plaintiff is not disabled[2] based on the

---

[1]     Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here.  The facts related to plaintiff's impairments and medical history will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[2]     Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation

following findings:

1.  The claimant meets the insured status requirements of the Social Security Act at least though December 31, 2009.

2.  The claimant has not engaged in substantial gainful activity since the alleged disability onset date of March 13, 2004 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3.  The claimant has the following severe impairments:  a bipolar disorder and depression (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at all levels of exertion.  From an emotional standpoint, the record establishes that the claimant has a fair ability to relate to co-workers; a fair ability to deal with the public; a fair ability to interact with supervisors; a fair ability to deal with work stress; a good ability to understand, remember, and carry out simple, detailed, and complex job instructions; and a fair ability to demonstrate reliability (Exhibits 4F and 5F).

6.  The claimant is capable of performing past relevant work as a file clerk, security guard, clerk typist, and claims processor.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7.  The claimant has not been under a disability, as defined in the Social Security Act, from March 13, 2004 through the date of this decision (20 CFR 404.1520(f)).

(CAR 16-22).  After the Appeals Council declined review on July 13, 2010, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is:

(1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1    more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

2    (9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a

3    conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including

4    both the evidence that supports and detracts from the Commissioner's conclusion, must be

5    considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v.

6    Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's

7    decision simply by isolating a specific quantum of supporting evidence.  See Hammock v.

8    Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

9    findings, or if there is conflicting evidence supporting a particular finding, the finding of the

10   Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

11   Therefore, where the evidence is susceptible to more than one rational interpretation, one of

12   which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

13   Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

14   standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th

15   Cir. 1988).

16                                        **III.  DISCUSSION**

17           Plaintiff argues the ALJ erred by rejecting the opinion of the consultative

18   psychologist.

19           The weight given to medical opinions depends in part on whether they are

20   proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d

21   821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating

22   professional, who has a greater opportunity to know and observe the patient as an individual,

23   than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285

24   (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given

25   to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4

26   (9th Cir. 1990).

1    In addition to considering its source, to evaluate whether the Commissioner

2  properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are

3  in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an

4  uncontradicted opinion of a treating or examining medical professional only for "clear and

5  convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.

6  While a treating professional's opinion generally is accorded superior weight, if it is contradicted

7  by an examining professional's opinion which is supported by different independent clinical

8  findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,

9  1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be

10 rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester,

11 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of

12 the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a

13 finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and

14 legitimate reasons, the Commissioner must defer to the opinion of a treating or examining

15 professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional,

16 without other evidence, is insufficient to reject the opinion of a treating or examining

17 professional.  See id. at 831.  In any event, the Commissioner need not give weight to any

18 conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,

19 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion);

20 see also Magallanes, 881 F.2d at 751.

21    Plaintiff contends the ALJ erred by rejecting the opinion of the consultative

22 psychologist without proper reason.  Specifically, plaintiff argues the ALJ failed to address  Dr.

23 Cushman's finding that she is unable to perform any kind of work on a sustained basis.

24 Defendant counters that the ALJ found her not credible, a finding that is not challenged.  Based

25 on that determination, and the evidence in the record, defendant contends there was no error; but,

26 if the ALJ did err, such error was harmless.

1               Plaintiff was evaluated by Dr. Cushman on March 27, 2008, during a consultative

2    evaluation.  Dr. Cushman diagnosed plaintiff with Major Depressive Disorder, recurrent, mild

3    severity with history of severe with psychotic features, especially postpartum; Amphetamine

4    Abuse; Amphetamine-Induced Psychotic Disorder with Hallucinations, by history, in remission;

5    Borderline Personally Disorder, and gave her a GAF of 55.  He offered the following Medical

6    Source Statement:

7            As a result of the above diagnoses, Ms. Schroeder does appear
     capable of performing some detailed, complex, simple and
8    repetitive tasks in a vocational setting.  She will, however, at this
     time have difficulties with regular attendance and consistent
9    participation, with primary complaints around childcare.  Even
     assuming that childcare was provided, I suspect that she would
10   have some difficulties with regular attendance and consistent
     participation for any significant length of time, as her history
11   already suggests.  She does appear capable of working a normal
     workday and work week, but again this would not last for any
12   significant length of time without extra help in managing
     interpersonal relationships.  She may need extra supervision in the
13   area of monitoring for substance abuse.  She does appear capable
     of following simple verbal instructions from supervisors, and even
14   some complex instructions.  She will, however, develop difficulties
     getting along with supervisors, coworkers and the general public.
15   She will have difficulties dealing with the usual stressors
     encountered in a competitive work environment for any significant
16   length of time.

17   (CAR 343).

18           In assessing plaintiff's RFC, the ALJ stated:

19           After considering the evidence of record, the undersigned finds that the
     claimant's medically determinable impairments could reasonably be
20   expected to produce the symptoms alleged by the claimant, but that
     statements concerning the intensity, persistence and limiting effects of
21   these symptoms are not entirely credible based upon the minimal mental
     health treatment sought/obtained at the present time, the claimant's
22   description of some rather extensive activities of daily living, her
     demonstrated ability to complete college-level courses and obtain a degree
23   as recently as May 2009, her essentially unremarkable demeanor at the
     hearing, and the lack of evidence of any significant recent exacerbations of
24   her symptoms warranting the need for emergency room treatment and/or
     hospitalization.  The claimant is able to tend to the needs of her three
25   young children and her husband, she is able to maintain the
     attention/concentration required to drive, watch television 3 hours per day,
26   and keep up with the schedules of her family members (she drops them off

and picks them up from school/work), and she has demonstrated an ability to balance/prioritize the needs of her family members with her school work, cooking, cleaning, shopping, and attending church services on a regular basis (Exhibit 3E).  The claimant reports having significant problems with insomnia, but she testified at the hearing that she is able to sleep for up to 5 hours after taking medications.  The claimant further testified that she has decreased her mental health visits from twice a month to once a month because her impairments were not getting any better.  In terms of her school performance, the clamant testified that everything was turned in late, she was getting bad grades, and she found herself constantly having to push herself in order to obtain the degree.  Notwithstanding these shortcomings, the claimant completed the courses required and earned the college-level credits required to obtain the degree.

The record establishes that the claimant has received most of her mental health treatment at the San Joaquin County Mental Health facility (Exhibits 2F, 3F, 12F, and 15F).  In that regard, it should be noted that the medical opinions of treating sources are generally entitled to controlling weight if well supported by the objective, medical, and clinical findings and if the opinion is adequately supported by/consistent with the record when considered as a whole.  Although the claimant testified that Dr. Hidalgo is her treating psychiatrist, the medical evidence in the file only documents one month of mental health treatment with that psychiatrist (Exhibit 18F).  Based upon review of the evidence in the file as of the date of the initial and reconsideration determinations, the State Agency medical consultant analyzed the medical findings and opinions in the record and found that the claimant would be capable of performing light, simple repetitive tasks.  After considering the record as a whole, I am attaching controlling weight to the findings and opinions set forth within records from San Joaquin County Mental Health facility (e.g., Exhibit 12F); I attach diminished weight to the opinions of Dr. Hidalgo since his opinion concerning claimant's impairment-related limitations/restrictions appears to have been based upon a one-month history of treatment in 2009 (Exhibit 18F); and I attach substantial weight to the well-reasoned and well-supported opinions of the consultative examiner and State Agency medical consultants given adequate consideration of the record when considered as a whole (Exhibits 4F and 5F).

(CAR 20-21).

Plaintiff takes issue with the ALJ's failure to address her ability to sustain activities for a prolonged period of time.  She argues the consultative examiner, whose opinion the ALJ attached substantial weight, opined that she would have difficulties with regular attendance and consistent participation for any significant length of time.  But the ALJ failed to credit this portion of his opinion and failed to include that limitation in her RFC.

///

1    Defendant counters that the ALJ sufficiently resolved the issue of plaintiff's

2    ability to sustain activities through her credibility determination, which plaintiff does not

3    challenge.  Specifically, defendant argues that the ALJ determined plaintiff was capable of

4    sustaining activities, finding her not entirely credible due to her rather extensive activities of

5    daily living, including taking care of her family, going to church, cooking, cleaning, and

6    shopping.

7    Whether plaintiff is credible or not, however, does not necessarily address the

8    issue of whether the ALJ properly evaluated the medical opinions.  The undersigned finds the

9    opinion from Dr. Cushman to be ambiguous at best, and certainly a bit confusing.  It appears that

10   Dr. Cushman opined that plaintiff would be unable to sustain employment for any length of time,

11   at least without help.  However, it is unclear whether Dr. Cushman's opinion that plaintiff may

12   need assistance in order to sustain employment is due to plaintiff's personal situation or based on

13   her medical condition.  The ambiguity caused by this opinion is not addressed by the ALJ.

14   A review of the record shows that in addition to Dr. Cushman's opinion, the

15   agency physicians also reviewed plaintiff's records and issued an opinion.  Dr. Ikawa opined, as

16   set forth in the mental RFC, that plaintiff is not significantly limited in her abilities to sustain

17   concentration and persistence.  (CAR 344-45).  The ALJ credited this opinion as well, creating a

18   situation where there appear to be unresolved conflicting medical opinions, which were credited

19   with equal weight.  The ALJ may resolve such conflicts, but must state the reasons why one

20   opinion was credited over the other.  Here, no reason was given for crediting the agency

21   physician's determination over Dr. Cushman's.

22   As defendant argues, and plaintiff concedes, there are situations where the ALJ

23   may use the plaintiff's credibility determination to disregard a doctor's opinion.  Such is the case

24   where the doctor's opinion is based solely on the subjective complaints of the plaintiff, and the

25   ALJ used proper reasons for discrediting those subjective complaints.  See e.g., Fair v. Bowen,

26   885 F.2d 597 (9th Cir. 1989).  In this case, however, the ALJ made no such specific

1    determination.  While the ALJ did find plaintiff's subjective complaints not entirely credible, she

2    did not find that credibility determination as a reason for discrediting Dr. Cushman's opinion.

3    Instead, without addressing the potential limitation in plaintiff's ability to sustain a normal work

4    week, the ALJ found plaintiff capable of performing her past relevant work.  In so doing, the ALJ

5    implicitly rejected Dr. Cushman's opinion without providing a reason.  Again, while there are

6    possible reasons for the  ALJ's rejection, none are provided which leaves the court to speculate

7    as to what the reason was.

8            Defendant argues any error by the ALJ in failing to provide a reason for rejecting

9    the limitation is harmless.  The undersigned acknowledges the Ninth Circuit has determined there

10   are times when errors are harmless. See Stout v. Comm'r of Soc. Sec., 454 F.3d 1050 (9th Cir.

11   2006), Batson v. Comm'r of Soc. Sec., 359 F.3d 1190 (9th Cir. 2004).  Where the ALJ errs in not

12   providing any reason supporting a particular determination (i.e., by failing to consider lay witness

13   testimony), the Stout standard applies and the error is harmless if no reasonable ALJ could have

14   reached a different conclusion had the error not occurred.  Otherwise, where the ALJ provides

15   analysis but some part of that analysis is flawed (i.e., some but not all of the reasons given for

16   rejecting a claimant's credibility are either legally insufficient or unsupported by the record), the

17   Batson standard applies and any error is harmless if it is inconsequential to the ultimate decision

18   because the ALJ's disability determination nonetheless remains valid.

19           Here, the ALJ erred in not providing any analysis or reasons for disregarding a

20   portion of the medical opinion she admittedly accepted.  As there was no reason or analysis

21   provided in the opinion, the Stout standard applies, and the error is harmless only if no

22   reasonable ALJ could have reached a different conclusion.  The undersigned finds it possible that

23   another reasonable ALJ could have reached a different conclusion.  That is not to say the

24   conclusion reached was erroneous, but rather given the ambiguity of Dr. Cushman's opinion, it is

25   possible that a reasonable ALJ could have found plaintiff incapable of sustaining a normal work

26   week or that additional information was necessary to make that determination.  Thus, the ALJ's

failure to provide a reason for not accepting that portion of Dr. Cushman's opinion cannot be considered harmless error.

Finally, plaintiff requests the court remand this matter for direct payment of benefits. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In Social Security cases, the decision to remand to the Commissioner for further proceedings or simply to award benefits is within the discretion of the court. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." Id. (alteration in original) (internal quotation marks omitted).

Here, the court finds that remand for further proceedings is appropriate. On remand, the ALJ should consider whether further development of the record is needed due to the ambiguity of Dr. Cushman's opinion. Whether or not further development of the record is deemed necessary, the ALJ must explain why she rejected the additional limitations suggested by Dr. Cushman, or alter the RFC accordingly.

## IV.  CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for summary judgment (Doc. 16) is granted;

2.    Defendant's cross-motion for summary judgment (Doc. 17) is denied;

/ / /

/ / /

3.      This matter is remanded for further proceedings consistent with this order; and

4.      The Clerk of the Court is directed to enter judgment and close this case.

DATED:  March 27, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

11